1  Barbara A. Rohr (SBN 273353)
2  Benjamin Heikali (SBN 307466)
   **FARUQI & FARUQI, LLP**
3  10866 Wilshire Boulevard, Suite 1470
   Los Angeles, CA 90024
4  Telephone: (424) 256-2884
   Facsimile: (424) 256-2885
5  E-mail: brohr@faruqilaw.com
          bheikali@faruqilaw.com
6
   *Attorneys for Plaintiff Theodore Broomfield*
7

8              **UNITED STATES DISTRICT COURT**
             **NORTHERN DISTRICT OF CALIFORNIA**
9

10  THEODORE BROOMFIELD, individually and          Case No.:
    on behalf of all others similarly situated,
11                                                  **CLASS ACTION COMPLAINT**

12                  Plaintiff,                      1.  **Violation of California Civil Code**
                                                        **§1750,** *et seq.*
13
                    v.                              2.  **Violation of California Business**
14                                                      **and Professions Code § 17200,** *et*
                                                        *seq.*
15  KONA BREWING CO., LLC, KONA BREW
    ENTERPRISES, LLC, KONA BREWERY LLC,             3.  **Violation of California Business**
16  and CRAFT BREW ALLIANCE, INC.,                      **and Professions Code § 17500,** *et*
                                                        *seq.*
17                  Defendants.
                                                   4.  **Breach of Implied Warranty**
18
                                                   5.  **Common Law Fraud**
19
                                                   6.  **Intentional Misrepresentation**
20
                                                   7.  **Negligent Misrepresentation**
21
                                                   8.  **Breach of Contract**
22
                                                   9.  **Quasi-Contract/Unjust**
23                                                     **Enrichment/Restitution**

24
                                                        **JURY TRIAL DEMANDED**
25

26

27

28
                          **CLASS ACTION COMPLAINT**

Plaintiff Theodore Broomfield ("Plaintiff") by and through his counsel, brings this Class Action Complaint against Kona Brewing Co., LLC, Kona Brew Enterprises, LLC, Kona Brewery LLC, and Craft Brewery Alliance, Inc. (collectively "Defendants"), on behalf of himself and all others similarly situated, and alleges upon personal knowledge as to his own actions, and upon information and belief as to counsel's investigations and all other matters, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this consumer protection and false advertising class action lawsuit against Defendants, based on Defendants' misleading business practices with respect to the sale of their Kona brand beer products, including but not limited to: Longboard Island Lager, Big Wave Golden Ale, Fire Rock Pale Ale, Castaway IPA, Pipeline Porter, Koko Brown Nut Brown Ale, Lemongrass Luau, Wailua Wheat, Lavaman Red Ale, and Hanalei Island IPA (referred to individually as "Product" and collectively as the "Products").

2.      At all relevant times, Defendants have marketed and sold the Products with names, labeling, packaging, and marketing that makes references to and includes images of Hawaii, and Hawaiian landmarks, traditions, history, and culture.  The Products' names, labeling, packaging, and marketing lead Plaintiff and other reasonable consumers to believe that they are purchasing a beer that is brewed in Hawaii.

3.      In reality, the Products are not brewed in Hawaii, but instead are brewed in the continental United States, specifically in Oregon, Washington, Tennessee, and New Hampshire.

4.      Plaintiff and others have reasonably relied on Defendants' deceptive advertising in purchasing the Products, believing that the Products were brewed in Hawaii. Had Plaintiff and other consumers known that the Products were not brewed in Hawaii, they would not have purchased the Products or would have paid significantly less for the Products.  Therefore, Plaintiff and other consumers have suffered injury in fact as a result of Defendants' deceptive practices.

5.      Plaintiff brings this class action lawsuit on behalf of himself and all others similarly situated.  Plaintiff seeks to represent a Nationwide Class, a California Subclass, and a California Consumer Subclass (defined *infra* in paragraphs 37-39) (together referred to as "Classes").

6.    Plaintiff, on behalf of himself and the Classes, is seeking damages, restitution, declaratory and injunctive relief, and all other remedies this court deems appropriate.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed Classes are in excess of $5,000,000, exclusive of interests and costs, and Plaintiff, as well as most members of the proposed Classes, which total thousands of class members, and are citizens of states different from the states of Defendants.

8.    This Court has personal jurisdiction over Defendants because Defendants have sufficient minimum contacts in California or otherwise intentionally did avail themselves of the markets within California, through their sale of the Products to California consumers.

9.    Venue is proper in this District pursuant to 28 U.S.C. 1391(a)(1) because Defendants regularly conduct business throughout this District, and a substantial part of the events and/or omissions giving rise to this action occurred in this District.

## PARTIES

10.    Plaintiff Theodore Broomfield is a citizen of California, residing in San Francisco. In February of 2017, Mr. Broomfield purchased a twelve pack of Longboard Island Lager from Walgreens in San Francisco. In purchasing the Product, Mr. Broomfield saw and relied on the packaging of the Product. Specifically, Mr. Broomfield saw and relied on the following illustrations and representations on the packaging: a beach, surfers, surfboards, "Longboard Island Lager," "Kona Brewing Co.," "Liquid Aloha," a map of the major Hawaiian Islands with a red diamond on a spot on the Big Island and Oahu, and the words "Kona Brewing Co." next to the red diamonds, indicating the locations of the breweries in Hawaii.  Based on these representations, Mr. Broomfield believed he was purchasing a Product brewed in Hawaii. However, unbeknownst to Mr. Broomfield, Longboard Island Lager, like the other Products, is not brewed in Hawaii, but is instead brewed in the continental United States. Mr. Broomfield would not have purchased the Product or would have paid significantly less for the Product had he known that the Product was brewed in the

3
**CLASS ACTION COMPLAINT**

continental United States.  Mr. Broomfield therefore suffered injury in fact and lost money as a result of Defendants' misleading, false, unfair, and fraudulent practices, as described herein.

11.     Defendant Kona Brewing Co., LLC is a Hawaiian corporation with its principle place of business located at 929 North Russell Street, Portland, Oregon 97227-1733.  Kona Brewing Co., LLC, is a wholly owned subsidiary of Defendant Craft Brew Alliance, Inc.

12.     Defendant Kona Brewery LLC is a Hawaiian limited liability company with its principle place of business located at 75-5629 Kuakini Highway, Kailua Kona, Hawaii 96740.  It is a wholly owned subsidiary of Kona Brewing Co., LLC.

13.     Defendant Kona Brew Enterprises, LLC is a Hawaiian limited liability company with its principle place of business located at 75-5629 Kuakini Highway, Kailua Kona, Hawaii 96740.  It is a wholly owned subsidiary of Kona Brewing Co., LLC.

14.     Defendant Craft Brew Alliance, Inc. is a Washington corporation with its principle place of business at 929 North Russell Street, Portland, Oregon 97227-1733.  Craft Brew Alliance, Inc. acquired Kona Brewing Co., LLC, in 2010.

## FACTUAL ALLEGATIONS

**A.     Background**

15.     Defendant Kona Brewing Co., LLC, began brewing beer in Hawaii in 1994.[1]

16.     Defendant Craft Brew Alliance, Inc. "is the fifth largest craft brewing company in the U.S. and a leader in brewing, branding, and bringing to market some of the world's best-loved American craft beers."[2]

17.     In 2010, Defendant Craft Beer Alliance, Inc. acquired Kona Brewing Co.[3]

18.     According to konabrewingco.com, a website owned and operated by Defendants, Defendants operate a brewery in Kailua Kona, Hawaii, but they "produce [their] bottled and mainland draft beer in Portland, Oregon, Woodinville, Washington, Memphis, Tennessee, and

---

[1] Craft Brew Alliance, Inc., Annual Report (Form 10-K) p. 2 (Mar. 2, 2016) (hereinafter "2015 10-K").
[2] *Id.*
[3] Craft Brew Alliance, Inc., Annual Report (Form 10-K) p. 1 (Mar. 31, 2011).

**CLASS ACTION COMPLAINT**

Portsmouth, New Hampshire."[4]

19. In fact, Defendants Hawaiian brewery only has a 10,000 barrel capacity.[5] This is in comparison to a 630,000 barrel capacity at their Oregon brewery, a 220,000 barrel capacity at their Washington brewery, a 100,000 barrel capacity at the Tennessee location and a 215,000 barrel capacity at their New Hampshire brewery.[6] Defendants then distribute their beer throughout the United States through a distribution agreement with Anheuser-Busch, LLC.[7]

20. The Products are sold across California and the United States at grocery chains, pharmacy chains, liquor stores, and other retail outlets including, but not limited to, Walgreens Pharmacy, Rite-Aid Pharmacy, CVS Pharmacy, Safeway, Ralphs, 7-Eleven, Walmart, Target, and Buy–Rite Liquors.

21. The Products are sold in the following varieties:

  a. Longboard Island Lager:[8]



---

[4] Kona Brewing Company, About, http://konabrewingco.com/about/ (last visited March 6, 2017).
[5] 2015 10-K at 18.
[6] *Id.*
[7] 2015 10-K at 2.
[8] Walmart, https://www.walmart.com/ip/Kona-Brewing-Co.-Longboard-Island-Lager-12-oz-12pk/27255740 (last visited March 6, 2017).

**CLASS ACTION COMPLAINT**



b.  Big Wave Golden Ale:[9]



---

[9] Walmart, https://www.walmart.com/ip/Kona-Brewing-Co.-Big-Wave-Golden-Ale-Beer-12-fl-oz-6-Pack/38498865 (last visited March 6, 2017).

**CLASS ACTION COMPLAINT**



c. Fire Rock Pale Ale:[10]



---

[10] Walmart, https://www.walmart.com/ip/Kona-Brewing-Co.-Big-Wave-Golden-Ale-Beer-12-fl-oz-12-pk/46342096 (last visited March 6, 2017).

**CLASS ACTION COMPLAINT**



d.   Castaway IPA:[11]



---

[11] https://beerinhawaii.com/2014/03/21/kona-brewings-castaway-ipa-gets-bottled/ (last visited on March 6, 2017).

**CLASS ACTION COMPLAINT**

e.  Pipeline Porter:[12]



f.  Koko Brown Nut Brown Ale:[13]



---

[12] Walmart, https://www.walmart.com/ip/Kona-Aloha-Series-Seasonal-6pk-Btl/118502930 (last visited March 6, 2017).

[13] http://9-island.com/shop/kona-koko-brown/ (last visited on March 6, 2017).

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

g.  Lemongrass Luau:[14]



h.  Wailua Wheat:[15]



---

[14] https://beerinhawaii.com/2016/05/31/kona-brewing-releases-lemongrass-luau-bottles/ (last visited on March 6, 2017).
[15] https://www.walmart.com/ip/Kona-Brewing-Co.-Wailua-Wheat-Ale-12-fl-oz-12-pack/48057804 (last visited on March 6, 2017).

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13



14      i.   Lavaman Red Ale:[16]

15
16



17
18
19
20
21
22
23
24
25
26
27

28  [16] http://konabrewingco.com/blog/beers/lavaman-red-ale/ (last visited on March 6, 2017).

**CLASS ACTION COMPLAINT**

j.  Hanalei Island IPA:[17]



**B. The Products' Naming, Labeling, Packaging, and Marketing is Misleading to Reasonable Consumers**

22.    Defendants' Products' naming, labeling, packaging, and marketing is misleading to reasonable consumers, including Plaintiff and other Class members, and only serves the profit maximizing interests of Defendants.

23.    Defendants deceptively labeled and packaged the Products to target consumers who are interested in purchasing Hawaiian-made products.

24.    The overall brand image of the Kona Brewing Company, including its name[18], is centered around Hawaii and island life.  Defendants use references to and images of Hawaiian landmarks, traditions, history, and culture, creating the impression that the Products are brewed in Hawaii.

---

[17] http://konabrewingco.com/news/ (last visited March 6, 2017).
[18] Kona is a district on the Big Island.

**CLASS ACTION COMPLAINT**

25.    The false and misleading representations that are on <u>all</u> the Products' advertising, labeling and/or packaging include, but are not limited to, the following:

    a.    The phrase "Liquid Aloha" written on or embedded onto the packaging and front of each bottle;

    b.    An image of the Hawaiian island chain embedded into the front of each of the bottles;

    c.    An image, on the packaging, of a map of the major Hawaiian Islands, with a red diamond on the Big Island and the words "Kona Brewing Co." next to the red diamonds;

    d.    The Kona Brewing Co. logo on the packaging and on the front of each of the bottles and bottle caps; and

    e.    The phrase "Brewing Liquid Aloha Since '94" on the packaging.

26.    Each of Defendants' Products also includes false and misleading representations and images specific and unique to each Products' theme and/or concept, as follows:

    a.    *Longboard Island Lager*

        i.    The name Longboard Island Lager refers to a type of surfing which is a popular sporting activity in Hawaii and is part of island life.

        ii.    The bottle and packaging of this beer includes an image of longboard surfboards and individuals surfing in front of Diamond Head, a landmark on Oahu Island, Hawaii.

        iii.    The packaging includes the following statement, "Waikiki Beach.  Long board surfing in the shadow of Diamond Head has been a tradition for over 100 years at Waikiki beach.  Our Longboard Island Lager pays tribute to this grand history."

    b.    *Big Wave Golden Ale*

        i.    The name Big Wave Golden Ale refers to the big waves off of Hawaii's beaches and the influence of the ocean in Hawaiian island life.

**CLASS ACTION COMPLAINT**

ii.   The bottle and packaging includes an image of individuals in a traditional Polynesian canoe riding a wave.

iii.  The packaging includes the following statement, "Makaha.   Our brewers wanted to make a beer that went down easy after a day out on the water.   Big Wave Golden Ale is just the ticket." [19]

c.  *Fire Rock Pale Ale*

i.   The name Fire Rock Pale Ale refers to the volcanoes and the geographical landscape that Hawaii is known for.

ii.  The bottle label and the packaging have an image of two individuals lounging on black rocks watching lava flow down an active volcano into the ocean.

iii. The packaging includes the following statement, "Kilauea Caldera.   The power and copper glow of molten lava flowing to the sea from the Big Island's Kilauea Caldera is evoked in our Fire Rock Pale Ale."

d.  *Castaway IPA*

i.   The bottle and packaging include an image of an individual in a traditional Polynesian canoe riding a dangerous wave that looks as if it is crashing against a cliff.

ii.  The packaging includes the following statement, "Channel of Bones. The Ka'iwi Channel, or Channel of Bones, between Molokai and Oahu, is a treacherous route that early explorers adventured through. The steep, emerald volcanic sea cliffs off the north shore of Molokai loomed over these early explorers. Our Castaway IPA pays homage to these early explorers who braved the shark infested waters between these cliffs."

e.  *Pipeline Porter*

i.   The name Pipeline Porter refers to the Bonzai Pipeline, a revered surf break along the North shore of Oahu Island, Hawaii.

---

[19] A reference to Makaha Beach on Honolulu, which is famous for its 25 foot waves.

**CLASS ACTION COMPLAINT**

  ii. The bottle and packaging include an image of an individual holding a surf board in front of a breaking wave in the Bonzai Pipeline.

  iii. The packaging includes the following statement, "Bonzai Pipeline: The mecca of surfing these steep, curling waves inspired our Pipeline Porter."

 f. *Koko Brown Nut Brown Ale*

  i. The name Koko Brown Nut Brown Ale refers to Koko Crater, a landmark on Oahu Island, Hawaii.

  ii. The bottle label and packaging include the image of a man standing on a paddle board in the ocean with a mountain in the background and coconut trees in the foreground.

  iii. The packaging includes the following statement, "Koko Crater. The ancient Hawaiian tradition of Standup Paddling appreciates a revival in the idyllic setting of Maunalua Bay."

 g. *Lemongrass Luau*

  i. The Lemongrass Luau refers to a Luau, a traditional Hawaiian feast or party.

  ii. The bottle label and packaging include the image of three women dancing in traditional Hawaiian clothing on a beach with the sunset and mountains in the background.

 h. *Wailua Wheat*

  i. The name Wailua Wheat refers to the Wailua waterfall, a landmark on Maui Island, Hawaii.

  ii. The bottle label and the packaging include the image of a woman standing in the pool at the base of a waterfall with the waterfall and a lush green landscape in the background.

  iii. The packaging includes the following statement, "Wailua Falls. This spectacular 95' waterfall on Maui inspired our refreshing Wailua Wheat Ale."

**CLASS ACTION COMPLAINT**

     i.   *Lavaman Red Ale*

         i.   The name Lavaman Red Ale refers to the Lavaman Waikola triathlon that is held on Waikola Beach on the Big Island of Hawaii.

         ii.   The bottle label and packaging includes the image of a man running with a river or bay, and a volcano in the background.

     j.   *Hanalei Island IPA*

         i.   The name Hanalei Island IPA refers to Hanalei, a town in Kauai County, Hawaii.

         ii.   The bottle label and packaging includes the image of kayakers on the ocean in front of a mountain and next to palm trees.

27.    Furthermore, according to Kona Brewing company president "[w]e're delivering more of that sense of place that Kona is known for, and I think this new bottle and package really brings Hawaii home… The new labels really mimic the vivid hues I'm lucky enough to see every day in Hawaii. My favorite design element is the embossed island chain with Liquid Aloha on the shoulder of the bottle—it makes for a more tactile experience because you can literally feel Hawaii as you drink a Kona brew."[20]

28.    Plaintiff purchased the Longboard Island Lager relying on the content of the labeling and packaging described above, and reasonably believing that the Product was brewed in Hawaii.[21]

29.    Defendants know, knew or should have known that Plaintiff and other consumers did and would rely on the labeling, packaging, and advertising of the Products in purchasing the Products, and would reasonably believe that the Products were brewed in Hawaii.

30.    In reasonable reliance on the labeling, packaging and advertising as described in detail above, and believing that the Products were brewed in Hawaii, Plaintiff and other members of the Classes purchased the Products.

31.    Plaintiff and members of the Classes do not know, did not know, and have no reason

---

[20] http://konabrewingco.com/wp-content/blogs.dir/5/files/2013/04/Kona-custom-bottle-rls.pdf (last visited on March 6, 2017).

[21] See *supra* at paragraph 10 for further detail on what Mr. Broomfield saw and relied on.

**CLASS ACTION COMPLAINT**

to know, that the Products were not brewed in Hawaii because of how the Products are deceptively labeled, packaged, and advertised to create the impression that they are brewed in Hawaii.

32.     Because the Products are not brewed in Hawaii as reasonably expected by Plaintiff and other consumers, Defendants' branding of the Products was and continues to be misleading and deceptive.

33.     Each consumer has been exposed to the same or substantially similar deceptive practice as each of the Products (1) have the same misleading statements and images concerning Hawaii, and (2) have additional misleading statements and images based on themes/concepts centered around Hawaiian landmarks, traditions, history, and culture. All of the Products create the similar impression that they are each brewed in Hawaii.

34.     Plaintiff and other consumers have paid an unlawful premium for the Products. Plaintiff and other consumers would have paid significantly less for the Products had they known that the Products were not brewed in Hawaii, but were instead brewed in the continental United States.  In the alternative, Plaintiff and other consumers would not have purchased the Products at all had they known that the Products were not brewed in Hawaii, but were instead brewed in the continental United States.   Therefore, Plaintiff and other consumers purchasing the Products suffered injury in fact and lost money as a result of Defendants' false, unfair, and fraudulent practices, as described herein.

35.     As a result of its misleading business practice, and the harm caused to Plaintiff and other consumers, Defendants should be enjoined from falsely representing that the Products are brewed in Hawaii.  Furthermore, Defendants should be required to pay for all damages caused to misled consumers, including Plaintiff.

36.     Despite being misled by Defendants, Plaintiff would likely purchase the Products in the future if the Products available in the continental United States were in fact brewed in Hawaii.

## CLASS ACTION ALLEGATIONS

37.     Plaintiff brings this case as a class action that may be properly maintained under Federal Rule of Civil Procedure 23 on behalf of himself and all persons in the United States,

excluding residents of Hawaii, who within the relevant statute of limitations periods, purchased the Products ("Nationwide Class").

38.    Plaintiff also seeks to represent a subclass defined as all California residents, who within the relevant statute of limitations periods, purchased Products ("California Subclass").

39.    Plaintiff also seeks to represent a subclass defined as all California residents, who within the relevant statute of limitations periods, purchased the Products for personal, family, or household purposes ("California Consumer Subclass").

40.    Excluded from the Classes are Defendants, the officers and directors of Defendants at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.  Any judge and/or magistrate judge to whom this action is assigned and any members of such judges' staffs and immediate families are also excluded from the Classes.  Also excluded from the Classes are persons or entities that purchased the Products for sole purposes of resale.

41.    Plaintiff hereby reserves the right to amend or modify the class definitions with greater specificity or division after having had an opportunity to conduct discovery.

42.    Plaintiff is a member of all Classes.

43.    <u>Numerosity</u>:  Defendants have sold thousands of units of the Products.  The Products are sold at grocery chains, pharmacy chains, liquor stores, and other retail outlets including, but not limited to, Walgreens Pharmacy, Rite-Aid Pharmacy, CVS Pharmacy, Safeway, Ralphs, 7-Eleven, Walmart, Target, and Buy–Rite Liquors.  Accordingly, members of the Classes are so numerous that their individual joinder herein is impractical.  While the precise number of Class members and their identities are unknown to Plaintiff at this time, the number may be determined through discovery.

44.    <u>Common Questions Predominate</u>:  Common questions of law and fact exist as to all members of the Classes and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to, the following: whether the Products' labeling, packaging, and marketing is misleading to a reasonable consumer, and therefore

1    violates various consumer protection statutes and common laws.

2         45.    Typicality:  Plaintiff's claims are typical of the claims of the Classes he seeks to

3    represent in that Plaintiff and members of the Classes were exposed to Defendants' misleading

4    labeling, packaging, and marketing, and purchased the Products reasonably relying on the

5    misleading labeling, packaging, and marketing, and suffered losses as a result of such purchases.

6         46.    Adequacy:  Plaintiff is an adequate representative of the Classes because his interests

7    do not conflict with the interests of the members of the Classes he seeks to represent, he has

8    retained competent counsel experienced in prosecuting class actions, and he intends to prosecute

9    this action vigorously.  The interests of the members of the Classes will be fairly and adequately

10   protected by the Plaintiff and his counsel.

11        47.    Superiority:  A class action is superior to other available means for the fair and

12   efficient adjudication of the claims of the members of the Classes.  The size of each claim is too

13   small to pursue individually and each individual Class member will lack the resources to undergo

14   the burden and expense of individual prosecution of the complex and extensive litigation necessary

15   to establish Defendants' liability.  Individualized litigation increases the delay and expense to all

16   parties and multiplies the burden on the judicial system presented by the complex legal and factual

17   issues of this case.   Individualized litigation also presents a potential for inconsistent or

18   contradictory judgments.  The class action mechanism is designed to remedy harms like this one

19   that are too small in value, although not insignificant, to file individual lawsuits for.

20        48.    This lawsuit is maintainable as a class action under Federal Rule of Civil Procedure

21   23(b)(2) because Defendants have acted or refused to act on grounds that are generally applicable to

22   the Class members, thereby making final injunctive relief appropriate with respect to all Classes.

23        49.    This lawsuit is maintainable as a class action under Federal Rule of Civil Procedure

24   23(b)(3) because the questions of law and fact common to the members of the Classes predominate

25   over any questions that affect only individual members, and because the class action mechanism is

26   superior to other available methods for the fair and efficient adjudication of the controversy.

27

28

**FIRST CLAIM FOR RELIEF**
**Violation of California's Consumers Legal Remedies Act ("CLRA"),**
**California Civil Code §§ 1750, *et seq*.**
(*for the California Consumer Subclass*)
(***Injunctive relief only***)

50.     Plaintiff repeats the allegations contained in paragraphs 1-49 above as if fully set forth herein.

51.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Consumer Subclass against Defendants.

52.     The Products are "goods" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of such products by Plaintiff and members of the California Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

53.     Cal. Civ. Code § 1770(a)(2) prohibits "misrepresenting the source, sponsorship, approval, or certification of goods or services." By marketing the Products with their current labels, packaging, and advertisements, Defendants have represented and continue to represent that the source of the Products is Hawaii, when it is not.  Therefore, Defendants have violated section 1770(a)(2) of the CLRA.

54.     Cal. Civ. Code § 1770(a)(4) prohibits "using deceptive representations or designations of geographical origin in connection with goods or services." By marketing the Products with their current labels, packaging, and advertisements, Defendants have used deceptive representations and designations of the Product's geographical origin (Hawaii).  Therefore, Defendants have violated section 1770(a)(4) of the CLRA.

55.     Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ." By marketing the Products with their current labels, packaging, and advertisements, Defendants have represented and continue to represent that the Products have characteristics (that they were brewed in Hawaii) which they do not have.  Therefore, Defendants have violated section 1770(a)(5) of the CLRA.

56.     Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of

another." By marketing the Products with their current labels, packaging, and advertisements, Defendants have represented and continue to represent that the Products are of a particular style (that they are brewed in Hawaii) when they are of another (brewed in the continental USA). Therefore, Defendants have violated section 1770(a)(7) of the CLRA.

57.    Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By labeling, packaging, and marketing the Products with popular images of Hawaii and statements concerning Hawaiian landmarks, history, traditions, and culture so much so that a reasonable consumer would believe that the Products were brewed in Hawaii, and then intentionally not selling the Products as beers brewed in Hawaii, Defendants have violated section 1770(a)(9) of the CLRA.

58.    At all relevant times, Defendants have known or reasonably should have known that the Products were not brewed in Hawaii, but instead were brewed in the continental United States, and that Plaintiff and other members of the California Consumer Subclass would reasonably and justifiably rely on the labeling, packaging, and other advertisements in purchasing the Products.

59.    Plaintiff and members of the California Consumer Subclass have reasonably and justifiably relied on Defendants' misleading, and fraudulent conduct when purchasing the Products. Moreover, based on the very materiality of Defendants' fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Products may be presumed or inferred for Plaintiff and members of California Consumer Subclass.

60.    Plaintiff and members of the California Consumer Subclass have suffered and continue to suffer injuries caused by Defendants because they would not have purchased the Products or would have paid significantly less for the Products had they known that Defendants' conduct was misleading and fraudulent.

61.    Under Cal. Civ. Code § 1780(a), Plaintiff and members of the California Consumer Subclass are seeking injunctive relief pursuant to the CLRA, preventing Defendants from further wrongful acts and unfair and unlawful business practices, as well as restitution, disgorgement of profits, and any other relief this Court deems proper.

**CLASS ACTION COMPLAINT**

62.  Pursuant to Cal. Civ. Code § 1782, on February 22, 2017, counsel for Plaintiff mailed a notice and demand letter by certified mail, with return receipt requested, to Defendants. Defendants received the notice and demand letter on February 25, 2017.  If Defendants fail to remedy the alleged violations and fail to provide notice to all affected consumers within thirty (30) days of receipt of Plaintiff's written notice, Plaintiff will amend this Complaint to add claims for actual, statutory, and punitive damages.

**SECOND CLAIM FOR RELIEF**
**Violation of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code §§ 17200, *et seq.***
(*for the California Subclass and California Consumer Subclass*)

63.  Plaintiff repeats the allegations contained in paragraphs 1-49 above as if fully set forth herein.

64.  Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass and California Consumer Subclass against Defendants.

65.  UCL §17200 provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

66.  Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law.

67.  Defendants' false and misleading advertising of the Products therefore was and continues to be "unlawful" because it violates the CLRA, California's False Advertising Law ("FAL"), and other applicable laws as described herein.

68.  As a result of Defendants' unlawful business acts and practices, Defendants have unlawfully obtained money from Plaintiff, and members of both the California Subclass and California Consumer Subclass.

69.  Under the UCL, a business act or practice is "unfair" if the defendants' conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the

gravity of the harm to the alleged victims.

70.    Defendants' conduct was and continues to be of no benefit to purchasers of the Products, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the Products' labeling, packaging, and marketing.   Creating consumer confusion as to the actual location of brewing is of no benefit to consumers.   Therefore, Defendants' conduct was and continues to be "unfair."

71.    As a result of Defendants' unfair business acts and practices, Defendants have and continue to unfairly obtain money from Plaintiff, and members of both the California Subclass and California Consumer Subclass.

72.    Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public.

73.    Defendants' conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing that the Products are brewed in Hawaii, when they are not.   Because Defendants misled Plaintiff and members of both the California Subclass and California Consumer Subclass, Defendants' conduct was "fraudulent."

74.    As a result of Defendants' fraudulent business acts and practices, Defendants have and continue to fraudulently obtain money from Plaintiff, and members of both the California Subclass and California Consumer Subclass.

75.    Plaintiff requests that this Court cause Defendants to restore this unlawfully, unfairly, and fraudulently obtained money to Plaintiff, and members of both the California Subclass and California Consumer Subclass, to disgorge the profits Defendants made on these transactions, and to enjoin Defendants from violating the UCL or violating it in the same fashion in the future as discussed herein.   Otherwise, Plaintiff, and members of both the California Subclass and California Consumer Subclass, may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**CLASS ACTION COMPLAINT**

**THIRD CLAIM FOR RELIEF**
**Violation of California's False Advertising Law ("FAL"),**
**California Business & Professions Code §§ 17500, _et seq_**
_(for the California Subclass and California Consumer Subclass)_

76.    Plaintiff repeats the allegations contained in paragraphs 1-49 above as if fully set forth herein.

77.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass and California Consumer Subclass against Defendants.

78.    California's FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

79.    Defendants have represented and continue to represent to the public, including Plaintiff and members of both the California Subclass and California Consumer Subclass, through Defendants' deceptive labeling, packaging, and marketing, that the Products are brewed in Hawaii. Defendant's representation is misleading because the Products' are brewed in the continental United States. Because Defendants have disseminated misleading information regarding the Products, and Defendants know, knew, or should have known through the exercise of reasonable care that the representation was and continues to be misleading, Defendants violate the FAL.

80.    Furthermore, Defendants know, knew or should have known through the exercise of reasonable care that such representation was and continues to be unauthorized and misleading.

81.    As a result of Defendants' false advertising, Defendants have and continue to fraudulently obtain money from Plaintiff and members of both the California Subclass and California Consumer Subclass.

82.    Plaintiff requests that this Court cause Defendants to restore this fraudulently obtained money to Plaintiff and members of both the California Subclass and California Consumer Subclass, to disgorge the profits Defendants made on these transactions, and to enjoin Defendants

**CLASS ACTION COMPLAINT**

1   from violating the FAL or violating it in the same fashion in the future as discussed herein.

2   Otherwise, Plaintiff and members of both the California Subclass and California Consumer

3   Subclass may be irreparably harmed and/or denied an effective and complete remedy if such an

4   order is not granted.

**FOURTH CLAIM FOR RELIEF**
**Breach of Implied Warranty**
**California Commercial Code § 2314**
***(for the California Subclass and California Consumer Subclass)***

8       83.    Plaintiff repeats the allegations contained in paragraphs 1-469above as if fully set

9   forth herein.

10      84.    Plaintiff brings this claim individually and on behalf of the members of the proposed

11  California Subclass and California Consumer Subclass against Defendants.

12      85.    California Commercial Code § 2314(1) provides that "a warranty that the goods shall

13  be merchantable is implied in a contract for their sale if the seller is a merchant with respect to

14  goods of that kind." Cal. Com. Code § 2314(1).

15      86.    California Commercial Code § 2314(2) provides that "[g]oods to be merchantable

16  must be at least such as… (f) conform to the promises or affirmations of fact made on the container

17  or label if any." Cal. Com. Code § 2314(2)(f).

18      87.    Defendants are merchants with respect to the sale of beer products, including the

19  Products here. Therefore, a warranty of merchantability is implied in every contract for sale of the

20  Products to California consumers.

21      88.    By advertising the Products with their current bottle labels and in their current

22  packaging, Defendants made an implied promise that the Products were brewed in Hawaii. By not

23  brewing the Products in Hawaii, Defendants have not "conformed to the promises…made on the

24  container or label." Plaintiff and California consumers did not receive the goods as impliedly

25  warranted by Defendants to be merchantable.

26      89.    Therefore, the Products are not merchantable under California law and Defendants

27  have breached their implied warranty of merchantability in regard to the Products.

28

90.     If Plaintiff and members of both the California Subclass and California Consumer Subclass had known that the Products were not brewed in Hawaii, they would not have purchased the Products or would not have been willing to pay the premium price associated with the Products. Therefore, as a direct and/or indirect result of Defendants' breach, Plaintiff and members of both the California Subclass and California Consumer Subclass have suffered injury and deserve to recover all damages afforded under the law.

**FIFTH CLAIM FOR RELIEF**
**Common Law Fraud**
*(for the Classes)*

91.     Plaintiff repeats the allegations contained in paragraphs 1-49 above as if fully set forth herein.

92.     Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendants.

93.     Defendants have willfully, falsely, or knowingly labeled, packaged, and marketed the Products in a manner indicating that the Products were brewed in Hawaii. However, the Products were not brewed in Hawaii and instead were brewed in the continental United States. Therefore, Defendants have made misrepresentations as to the Products.

94.     Defendants' misrepresentations are and were material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making purchase decisions), because they relate to the where the brewing of the Products that the consumer is receiving occurred.

95.     Defendants knew or recklessly disregarded the fact that the Products were not brewed in Hawaii.

96.     Defendants intended and intend that Plaintiff and others consumers rely on these representations, as evidenced by Defendants' intentionally using labeling and packaging that invokes popular Hawaiian images, and makes references to Hawaiian landmarks, history, traditions, and culture.

97.     Plaintiff and members of the Classes have reasonably and justifiably relied on

Defendants' misrepresentations when purchasing the Products and had the correct facts been known, would not have purchased the Products or would not have purchased them at the prices at which they were offered.

98.     Therefore, as a direct and proximate result of Defendants' fraud, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

**SIXTH CLAIM FOR RELIEF**
**Intentional Misrepresentation**
***(for the Classes)***

99.     Plaintiff repeats the allegations contained in paragraphs 1-49 above as if fully set forth herein.

100.    Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendants.

101.    Defendants labeled, packaged, and marketed the Products in a manner indicating that the Products were brewed in Hawaii. However, the Products were not brewed in Hawaii and instead were brewed in the continental United States.  Therefore, Defendants have made misrepresentations as to the Products.

102.    Defendants' misrepresentations regarding the Products are material to a reasonable consumer because they relate to the location of the brewing of the Products received by consumers. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

103.    At all relevant times when such misrepresentations were made, Defendants knew that the representations were misleading, or have acted recklessly in making the representations, without regard to the truth.

104.    Defendants intended and intend that Plaintiff and others consumers rely on these representations, as evidenced by Defendants' intentionally using labeling and packaging that invokes popular Hawaiian images, and makes references to Hawaiian landmarks, history, traditions,

and culture.

105.    Plaintiff and members of the Classes have reasonably and justifiably relied on Defendants' intentional misrepresentations when purchasing the Products, and had the correct facts been known, would not have purchased the Products or would not have purchased them at the prices at which they were offered.

106.    Therefore, as a direct and proximate result of Defendants' intentional misrepresentations, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

### SEVENTH CLAIM FOR RELIEF
### Negligent Misrepresentation
### *(for the Classes)*

107.    Plaintiff repeats the allegations contained in paragraphs 1-49 above as if fully set forth herein.

108.    Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendants.

109.    Defendants labeled, packaged, and marketed the Products in a manner indicating that the Products were brewed in Hawaii. However, the Products were not brewed in Hawaii and instead were brewed in the continental United States.  Therefore, Defendants have made misrepresentations as to the Products.

110.    Defendants' misrepresentations regarding the Products are material to a reasonable consumer because they relate to the location of the brewing of the Products received by the consumer.  A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

111.    At all relevant times when such misrepresentations were made, Defendants knew or had been negligent in not knowing that that the Products were not brewed in Hawaii and instead were brewed in the continental United States.  Defendants had no reasonable grounds for believing

1  their misrepresentation were not false and misleading.

2      112.    Defendants intended and intend that Plaintiff and others consumers rely on these

3  representations, as evidenced by Defendants' intentionally using labeling and packaging that

4  invokes popular Hawaiian images, and makes references to Hawaiian landmarks, history, traditions,

5  and culture.

6      113.    Plaintiff and members of the Classes have reasonably and justifiably relied on

7  Defendants' negligent misrepresentations when purchasing the Products, and had the correct facts

8  been known, would not have purchased the Products or would not have purchased them at the prices

9  at which they were offered.

10      114.    Therefore, as a direct and proximate result of Defendants' negligent

11  misrepresentations, Plaintiff and members of the Classes have suffered economic losses and other

12  general and specific damages, including but not limited to the amounts paid for the Products, and

13  any interest that would have accrued on those monies, all in an amount to be proven at trial.

14

15                             **EIGHTH CLAIM FOR RELIEF**
                               **Breach of Contract**

16                                 *(for the Classes)*

17      115.    Plaintiff repeats the allegations contained in paragraphs 1-49 above as if fully set

18  forth herein.

19      116.    Plaintiff brings this claim individually and on behalf of the members of the Classes

20  against Defendants.

21      117.    In purchasing the Products, Plaintiff and members of the Classes have formed valid

22  contracts that are supported by sufficient consideration, pursuant to which Defendants were

23  obligated to provide Products that are brewed in Hawaii, as deceptively represented by Defendants'

24  packaging and labeling.

25      118.    Defendants have materially breached their contracts with Plaintiff and members of

26  the Classes by selling Products that are not brewed in Hawaii and instead brewed in the continental

27  United States.

28

**CLASS ACTION COMPLAINT**

119.    As a direct and proximate result of Defendants' breaches, Plaintiff and members of the Classes were damaged in that they received products with less value than the amounts paid. Moreover, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

**NINTH CLAIM FOR RELIEF**
**Quasi Contract/Unjust Enrichment/Restitution**
(*for the Classes*)

120.    Plaintiff repeats the allegations contained in paragraphs 1-49 above as if fully set forth herein.

121.    Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendants.

122.    As alleged herein, Defendants have intentionally and recklessly made misleading representations to Plaintiff and members of the Classes to induce them to purchase the Products. Plaintiff and members of the Classes have reasonably relied on the misleading representations and have not received all of the benefits promised by Defendants.  Plaintiff and members of the Classes therefore have been induced by Defendants' misleading and false representations about the Products, and paid for them when they would and/or should not have or paid more money to Defendants for the Products than they otherwise would and/or should have paid.

123.    Plaintiff and members of the Classes have conferred a benefit upon Defendants as Defendants have retained monies paid to them by Plaintiff and members of the Classes.

124.    The monies received were obtained under circumstances that were at the expense of Plaintiff and members of the Classes – i.e., Plaintiff and members of the Classes did not receive the full value of the benefit conferred upon Defendants.

125.    Therefore, it is inequitable and unjust for Defendants to retain the profit, benefit, or compensation conferred upon them without paying Plaintiff and the members of the Classes back for the difference of the full value of the benefits compared to the value actually received.

**CLASS ACTION COMPLAINT**

126.    As a direct and proximate result of Defendants' unjust enrichment, Plaintiff and members of the Classes are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendants from its deceptive, misleading, and unlawful conduct as alleged herein.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a)    For an order certifying the Nationwide Class, the California Subclass, and the California Consumer Subclass, under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as representative of all Classes; and naming Plaintiff's attorneys as Class Counsel to represent all Classes.

b)    For an order declaring that Defendants' conduct violates the statutes and laws referenced herein;

c)    For an order finding in favor of Plaintiff, and all Classes, on all counts asserted herein;

d)    For an order awarding damages, not including under the California Consumers Legal Remedies Act on behalf of the California Consumer Subclass, in amounts to be determined by the Court and/or jury;

e)    For prejudgment interest on all amounts awarded;

f)    For interest on the amount of any and all economic losses, at the prevailing legal rate;

g)    For an order of restitution and all other forms of equitable monetary relief;

h)    For injunctive relief as pleaded or as the Court may deem proper;

i)    For an order awarding Plaintiff and all Classes their reasonable attorneys' fees, expenses and costs of suit, including as provided by statute such as under California Code of Civil Procedure section 1021.5; and

**CLASS ACTION COMPLAINT**

1    j)    For any other such relief as the Court deems just and proper.

2

3    <u>**DEMAND FOR TRIAL BY JURY**</u>

4    Plaintiff demands a trial by jury on all issues so triable.

5

6    Dated: March 6, 2017                    **FARUQI & FARUQI, LLP**

7

8                                            By: */s/ Barbara A. Rohr*
                                            Barbara A. Rohr, Bar No. 273353
                                            Benjamin Heikali, Bar No. 307466
9                                           10866 Wilshire Blvd., Suite 1470
                                            Los Angeles, CA 90024
10                                          Telephone: 424.256.2884
                                            Fax: 424.256.2885
11                                          E-mail: brohr@faruqilaw.com
                                                        bheikali@faruqilaw.com
12
                                            *Counsel for Plaintiff Theodore Broomfield*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Theodore Broomfield, declare as follows:

1.      I am a Plaintiff in this action and a citizen of the State of California. To extent the allegations in the complaint are based on my personal knowledge, they are true and, if called as a witness, I could testify competently thereto.

2.      This Class Action Complaint is filed in the proper place for trial because I purchased one of the Products in this District, and Defendants conduct a substantial amount of business in this District.

3.      In January 2017 or February 2017, I purchased Defendants' Longboard Island Lager from Walgreens located in this District, relying on the representations on the Product labels and packaging.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on March 6, 2017 at San Francisco, California.

_____
Theodore Broomfield